IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40128
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENE ADRIAN MCCRAY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CR-37-11
- - - - - - - - - -
January 9, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gene Adrian McCray appeals his conviction and sentence for conspiracy to distribute cocaine base. McCray argues that the district court clearly erred in determining the relevant quantity of drugs attributable to him for sentencing purposes and violated Fed. R. Crim. P. 32(c)(1) by failing to make a specific finding as to the amount of cocaine attributable to him. He contends that his guilty plea was involuntary as a result of his counsel's

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

alleged misrepresentations as to the probable length of his sentence. He also argues that the Government breached the plea agreement by failing to move for a downward departure on the basis of his attempted substantial cooperation.

Because McCray did not present any evidence to refute the probation officer's calculation of the relevant quantity of cocaine base, the district court's acceptance of the probation officer's estimate is not clearly erroneous. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). The district court was not required to make further findings as to the relevant quantity of cocaine base because it adopted the Presentence Report over McCray's unsubstantiated objections. See United States v. Sherbak, 950 F.2d 1095, 1099 (5th Cir. 1992). Because the Government did not bargain away its discretion to move for a downward departure, McCray's claim that the Government breached the plea agreement by not so moving is meritless. See United States v. Garcia-Bonilla, 11 F.3d 45, 47 (5th Cir. 1993).

We decline to review McCray's ineffective assistance of counsel claim because the claim was not raised before the district court and the record is not sufficiently developed on the merits of McCray's allegations. See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988).

Judgment is AFFIRMED.